RECEIVED
OCT 2 4 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JOSEPH FAVORS | CIVIL ACTION NO. 05-1007 |
| VS. | JUDGE DOHERTY |
| COOPER TIRE & RUBBER CO. | MAGISTRATE JUDGE METHVIN |

## JURISDICTIONAL REVIEW RULING

This automobile accident lawsuit was removed from a local state court based on the allegation of defendant Cooper Tire & Rubber Company ("Cooper") that the matter in controversy exceeds $75,000 and that this court therefore has diversity jurisdiction under 28 U.S.C. §1332.

Plaintiff alleges that on March 25, 2004, he was driving a 1988 Oldsmobile southbound on Interstate 49 when his vehicle was hit on the passenger side by a vehicle driven by Jonah S. Williams, who had been traveling northbound on I-49 in a Buick LeSabre, but who had crossed the median of the interstate before striking plaintiff's vehicle. Plaintiff alleges that the driver of the LeSabre lost control of his vehicle after the vehicle's right rear tire, manufactured by defendant Cooper, suddenly and without warning separated from the tread and failed. Plaintiff seeks damages for "serious and disabling injuries" to his right leg, medical expenses, loss of earnings and earning capacity, substantial pain and suffering, and permanent disability.

In the instant case, plaintiff has not specified the numerical value of his damage claim in his petition, although he has included an allegation that "the amount in controversy is less than the jurisdictional amount necessary for a jury trial," that is, $50,000.00.

In determining whether the jurisdictional minimum is met, the plaintiff's claim for relief controls if the claim is made in good faith. See DeAguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.1995) ("DeAguilar II"), citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Louisiana plaintiffs are generally prohibited from specifying a monetary amount of damages in their state court petitions. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999). However, article 893 of the Louisiana Code of Civil Procedure was recently amended to provide in part:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, *the right to a jury trial*, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.

La.Code Civ. Proc. art. 893(A)(1) (emphasis added), cited in DNP Enterprises, L.L.C. v. American Marine Holdings, Inc., 2005 WL 1431705, *2 (E.D.La. 2005).

When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

Cooper argues that the jurisdictional amount is satisfied because plaintiff underwent surgery on his leg that required the placement of one or more screws or pins into his leg and has incurred more than $26,000 in medical expenses from only one provider. Cooper also cites cases

establishing that awards for injuries similar to those sustained by the plaintiff routinely exceed $75,000.

The undersigned is unable to find any Louisiana jurisprudence showing that a case was remanded solely on the basis of an allegation in the plaintiff's complaint that the damages sought were "less than the jurisdictional amount necessary for a jury trial," as the plaintiff has done in this case. In DNP Enterprises, L.L.C. v. American Marine Holdings, Inc., 2005 WL 1431705, *2 (E.D.La. 2005), decided since the amendment to Article 893, the plaintiff alleged that its damages "[did] not exceed $75,000." The court nevertheless undertook a preponderance-of-the-evidence analysis to determine whether the jurisdictional amount exceeded the $75,000 threshold.

The record shows that a "Stipulation" is attached to plaintiff's petition, which stipulates that "the value of all damages . . . sustained in the accident . . . does not exceed $50,000," he will "in no event ask for an award of damages in excess of $50,000," and he "will accept no award in excess of $50,000." The Stipulation is unsigned, undated, and not notarized. Despite the fact that the Stipulation is attached to the plaintiff's petition, Cooper Tire avers in its Notice of Removal that *its* counsel prepared that Stipulation in an effort to resolve any questions concerning whether the amount in controversy is established in this case. Counsel for Cooper Tire states that plaintiff failed to sign the Stipulation. Case law suggests that, in order to be operative, a stipulation must be "a formal, truly binding, pre-removal stipulation signed *by counsel and his client* explicitly limiting recovery." Asbury-Castro v. GlaxoSmithKline, Inc., 352 F.Supp.2d 729, 733 (N.D.W.Va. 2005) (emphasis added) (finding that pre-removal stipulation was not binding because it was not signed by plaintiff), citing McCoy v. Erie Ins.

Co., 147 F.Supp.2d 481, 485 (S.D.W.Va.2001); Virden v. Altria Group, Inc., 304 F.Supp.2d 832, 847 (N.D.W.Va.2004) ("Therefore, absent a binding stipulation *signed by Virden* that he will neither seek nor accept damages in excess of $75,000, the Court must independently assess whether the defendants have proven by a preponderance of the evidence that Virden's complaint seeks damages in excess of $75,000."). Considering the foregoing, the undersigned concludes that the stipulation in this case does not bind the plaintiff to accept less than $75,000 in damages.

In light of the foregoing, the undersigned concludes that the amount in controversy in this case exceeds $75,000 and that remand would be inappropriate.

Signed at Lafayette, Louisiana on October 24th, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)